## T. J. JACKSON v. R. M. STEPHENSON ET AL.

### Decided December 9, 1908.

**1.—Land Agent—Commissions—Charge.**

It was error to charge that the plaintiffs were entitled to a fixed sum as commissions for making a sale of land, where the price was by the acre and the number of acres was left uncertain by the evidence.

**2.—Same—Exclusive Agency—Sale by Principal.**

Plaintiffs could not recover commissions on a sale of land made by the owner himself without showing that it was procured by them, where their contract, though giving them the exclusive agency to sell, did not bind the owner himself not to negotiate a sale. Stringfellow v. Powers, 4 Texas Civ. App., 199, distinguished.

**3.—Requested Instruction.**

A requested charge applicable to a phase of the case not clearly covered by the instructions should be given.

Appeal from the County Court of Coleman County. Tried below before Hon. F. M. Bowen.

*J. C. Randolph,* for appellant.—The court erred in refusing to submit to the jury defendant's special charge No. 7 in words as follows: "You are instructed that if you believe from the evidence that after plaintiffs, Stephenson and Lavender, carried T. J. Shelton to see defendant's land they returned to town and did not close the sale and the said Shelton left Coleman County with the intention not to

buy said land and further believe that said Shelton subsequently re-
turned and purchased said land through the agency of W. M. Hooper,
it will be your duty to return a verdict in favor of defendant Jackson,
provided the plaintiffs have not shown by a preponderance of the
evidence that they had the exclusive agency for the sale of the land."

*E. M. Critz* and *Woodward & Baker,* for appellees.—Conceding for
the sake of appellant's contention that the plaintiffs did not bring
about the sale of the property, they would still be entitled to the com-
mission in case they had exclusive agency for the same. Stringfellow
v. Powers, 4 Texas Civ. App., 199.

KEY, ASSOCIATE JUSTICE.—R. M. Stephenson and T. H. Lavender
brought this action against T. J. Jackson. The plaintiffs alleged in
their petition that they were partners engaged in the real estate busi-
ness, and that the defendant entered into a contract with them by
the terms of which they were to have the exclusive agency for the sale
of a tract of land belonging to the defendant, and that their compen-
sation was to be a commission of five percent on the amount for which
the land was sold. They alleged that they procured a purchaser for
the land to whom the defendant sold it, and that, although they were
the procuring cause of the sale, the defendant refused to make them
any compensation.

The defendant filed an answer embracing a general demurrer, gen-
eral denial, and a special plea alleging that if any contract of agency
was ever made the same was revoked and terminated before the plain-
tiffs began negotiating with Shelton, the purchaser of the land. The
defendant further alleged that the sale was negotiated and the pur-
chaser procured by one Hooper, another real estate agent.

There was a jury trial which resulted in a verdict and judgment
for the plaintiffs, and the defendant has prosecuted this appeal.

The trial court instructed the jury, among other things, that if
they found from a preponderance of the evidence that at the time the
plaintiffs began negotiations for the sale of the land to Shelton, they
had a contract with the defendant by the terms of which they had
the exclusive agency to sell the land, to return a verdict for the plain-
tiffs for $442.25. That instruction is assigned as error, and we sus-
tain the assignment for two reasons. In the first place, there was un-
certainty in the testimony as to the number of acres in the tract of
land, and therefore the court should not have instructed the jury
that the plaintiffs, on the contingencies named, were entitled to re-
cover $442.25, but should have left it to the jury to determine the
amount. In the second place, as applied to this case, the charge did
not state the law correctly. If, by the terms of the contract between
them, the defendant had not only granted to the plaintiffs the ex-
clusive agency to sell the land, but had further agreed not to negotiate
a sale of it himself, it may be that the plaintiffs would have been
entitled to recover the commission without showing that they were
the procuring cause of the sale. But no such contract was pleaded
or proved. The plaintiffs testified that the defendant gave them the
exclusive agency for the sale of the land, and the defendant testified

that he did not do so. There was no testimony tending to show that the defendant was obligated not to sell the land himself. That fact distinguishes the case from Stringfellow v. Powers, 4 Texas Civ. App., 199, relied on by counsel for appellees. Hence, we hold that it was error to give the instruction referred to, which authorized a recovery by the plaintiffs regardless of what they had done or failed to do in procuring a purchaser. If the plaintiffs' petition had contained a count charging that they had a contract of exclusive agency and that the' defendant, by selling the land himself or through another agent, had prevented the plaintiffs from consummating a sale of it, it would have been proper to have submitted that issue to the jury; but the charge complained of did not state the law correctly as to that phase of the case, because it required no finding that the plaintiffs would have effected a sale of the property.

We also hold that the court should have given special charge No. 7 requested by the defendant, which was applicable to a phase of the case not as clearly covered by the general charge of the court.

The assignments presenting other questions are overruled. Judgment reversed and cause remanded.

*Reversed and remanded.*